ABIGAIL A. SLATER
*Assistant Attorney General*
ROGER P. ALFORD
*Principal Deputy Assistant Attorney General*
MARK H. HAMER
DINA KALLAY
*Deputy Assistant Attorneys General*
DAVID B. LAWRENCE
*Policy Director*
DANIEL E. HAAR
*Attorney*
U.S. Department of Justice
Antitrust Division
950 Pennsylvania Ave NW, Room 3224
Washington, DC 20530

Attorneys for the United States of America

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHILDREN'S HEALTH DEFENSE, TRIALSITE, INC., CREATIVE, DESTRUCTION MEDIA, LLC, ERIN ELIZABETH FINN, JIM HOFT, DR. BEN TAPPER, BEN SWANN, DR. JOSEPH MERCOLA, TY BOLLINGER, CHARLENE BOLLINGER, & JEFF CROUERE,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**WP COMPANY, LLC D/B/A THE WASHINGTON POST, THE BRITISH BROADCASTING CORP., THE ASSOCIATED PRESS, & REUTERS NEWS & MEDIA, INC.,**<br><br>**Defendants.** | **Case No. 1:23-cv-2735 (TJK)**<br><br><br>**NOTICE OF INTENT TO FILE A STATEMENT OF INTEREST OF THE UNITED STATES** |

## NOTICE OF INTENT TO FILE A
## STATEMENT OF INTEREST OF THE UNITED STATES

The United States respectfully submits this notice pursuant to 28 U.S.C. § 517, which permits the Attorney General to direct any officer of the Department of Justice to attend to the interests of the United States in any case pending in a federal court.

The United States enforces the federal antitrust laws and has a strong interest in their correct application.  This case involves allegations of concerted action among horizontal competitors.  Although such concerted activity can have procompetitive benefits, it "inherently is fraught with anticompetitive risk" because it "deprives the marketplace of the independent centers of decisionmaking that competition assumes and demands."  *Copperweld Corp. v. Indep. Tube Corp.*, 467 U.S. 752, 768-69 (1984).  Courts, therefore, should exercise care when analyzing claims of concerted action among competitors to ensure that the Sherman Act's goal of protecting competition throughout the U.S. economy is advanced.

Plaintiffs and Defendants tell very different stories about the concerted activity in this case.  In Plaintiffs' view, Defendant news organizations are conspiring to decide what types of news will or will not be available on the market.  *See* Pls.' Suppl. Br. Opposing Defs.' Rule 12(b)(6) Mot. to Dismiss at 1-2, ECF No. 96 (calling the Trusted News Initiative, or TNI, an effort to stop "certain online news reporting" that "competes with, and contradicts, Defendants' own reporting").  As the Supreme Court has explained, "[a] refusal to compete with respect to the package of services offered to customers . . . cannot be sustained under the Rule of Reason" without "some countervailing procompetitive virtue."  *FTC v. Ind. Fed'n of Dentists*, 476 U.S. 447, 459 (1986).  Under Defendants' telling, however, they are merely cooperating to define standards, and share information about, the quality and reliability of particular news sources.  *See* Suppl. Br. in Supp. of Defs.' Mot. to Dismiss at 1, ECF No. 95 (calling the TNI a "partnership"

2

with "a goal of ensuring credibility in news and combating the spread of disinformation"). The Supreme Court has explained that voluntary product standards promulgated with "meaningful safeguards" can have "significant procompetitive advantages." *Allied Tube & Conduit Corp. v. Indian Head, Inc.*, 486 U.S. 492, 501 (1988) (citation omitted). The United States proposes to file a statement of interest explaining its views on the legal frameworks, under Section 1 of the Sherman Act, applicable to (a) anticompetitive agreements on product features and (b) potentially procompetitive agreements on standards development.

The United States intends to file its statement of interest in the next three weeks (by July 18, 2025). The United States proposes to file at this time because the new leadership of the U.S. Department of Justice, Antitrust Division, has recently articulated, as a matter of its enforcement priorities, that addressing anticompetitive collusion among competitors over product features is a particular concern of the federal government. *See* Khushita Vasant, *US DOJ on lookout for cases of 'product-fixing,' non-price restraints, Kallay says*, MLex (June 25, 2025 20:01 GMT), https://www.mlex.com/mlex/articles/2357617/us-doj-on-lookout-for-cases-of-product-fixing-non-price-restraints-kallay-says. Although this case has been fully briefed, there are no time limits under 28 U.S.C. § 517, *see Gil v. Winn Dixie Stores, Inc.*, 242 F. Supp. 3d 1315, 1317 (S.D. Fla. 2017), and the United States believes its submission would be helpful to the Court. The United States does not oppose parties' submitting supplemental briefs in response to the statement of interest, should the Court be inclined to permit such briefing. *Cf. Mountain Crest SRL, LLC v. Anheuser-Busch InBev SA/NV*, 937 F.3d 1067, 1079 n.62 (7th Cir. 2019) (noting that the court allowed parties to submit supplemental briefs in response to government amicus brief, filed after oral argument at the court's invitation).

The United States has notified counsel for both plaintiffs and defendants of its intent to file this notice.

The United States appreciates the Court's consideration of its interest in this matter.

Respectfully submitted,

Dated: June 27, 2025

ABIGAIL A. SLATER
*Assistant Attorney General*

ROGER P. ALFORD
*Principal Deputy Assistant Attorney General*

MARK H. HAMER
DINA KALLAY
*Deputy Assistant Attorneys General*

DAVID B. LAWRENCE
*Policy Director*

DANIEL E. HAAR
*Attorney*

*/s/ Daniel E. Haar*

U.S. Department of Justice
Antitrust Division
950 Pennsylvania Ave NW, Room 3224
Washington, DC 20530
Telephone: 202-598-2846
Email: daniel.haar@usdoj.gov

*Counsel for the United States of America*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document, which was filed with the Court through the

CM/ECF system, will be sent electronically to all registered participants.


Dated: June 27, 2025                    */s/ Daniel E. Haar*

                                        DANIEL E. HAAR