UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Children's Health Defense *et al.*, | ) |
| | ) |
| *Plaintiffs,* | ) |
| v. | ) Civil Action No. 23-cv-2735 (TJK) |
| | ) |
| WP Company LLC *et al.*, | ) |
| | ) |
| *Defendants.* | ) |

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO THE
STATEMENT OF INTEREST OF THE UNITED STATES**

**TABLE OF CONTENTS**

I. Plaintiffs Fail to Allege an Agreement to Take Unlawful Action. ...................................1

II. Plaintiffs Have Not Sufficiently Pleaded Antitrust Injury or Harm to Competition. ..........2

III. Plaintiffs Have Not Stated a *Per Se* or Rule-of-Reason Claim. ...........................................4

IV. *Associated Press* is Not Dispositive Here. ..............................................................................5

V. Conclusion. ..................................................................................................................................5

# TABLE OF AUTHORITIES

## CASES

*ASA Accugrade, Inc. v. Am. Numismatic Ass'n*, 370 F. Supp. 2d 213 (D.D.C. 2005)....................3

*Assoc. of Am. Phys. V. Am. Bd. of Internal Medicine*, 2025 WL 2249980 (S.D. Tex. Jul. 31, 2025) ................................................................................................................................3

*Associated Press v. United States*, 326 U.S. 1 (1945) ...............................................................5

*\*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ..............................................................5

*City of Moundridge v. Exxon Mobil Corp.*, 2009 WL 5385975 (D.D.C. Sept. 30, 2009) ...............4

*\*Freedom Watch, Inc. v. Google, Inc.*, 368 F. Supp. 3d 30 (D.D.C. 2019)..................................1, 2

*\*Gross v. Wright*, 185 F. Supp. 3d 39 (D.D.C. 2016)..............................................................3, 4, 5

*In re McCormick & Co.*, 217 F. Supp. 3d 124 (D.D.C. 2016)..........................................................4

*\*Johnson v. Comm'n on Presidential Debates*, 869 F.3d 976 (D.C. Cir. 2017) ............................2

*Kreuzer v. Am. Acad. Of Periodontology*, 735 F.2d 1479 (D.C. Cir. 1984)...................................4

*\*Marucci Sports L.L.C. v. NCAA*, 751 F.3d 368 (5th Cir. 2014).......................................................1

*N. Am. Soccer League, LLC v. U. S. Soccer Fed'n, Inc.*, 296 F. Supp. 3d 442 ...............................5

Plaintiffs' Response barely references the Government's Statement and instead rehashes well-trodden arguments that Defendants have already refuted. That is unsurprising, given that the Government's Statement expressly does not take a position one way or the other on the sufficiency of Plaintiffs' allegations, or on the correct disposition of the Motion more generally. Whether or not the Court considers the Government's Statement,[1] the Court should grant Defendants' Motion.

## I. Plaintiffs Fail to Allege an Agreement to Take Unlawful Action.

Despite numerous bites at the apple, Plaintiffs still have not identified a single plausible allegation that each Defendant entered into a conspiracy to take unlawful action or that Defendants conspired to take any specific action against Plaintiffs. Plaintiffs again trot out their oft-repeated laundry list of purported TNI statements that Plaintiffs characterize as "the TNI's many public admissions of concerted conduct." Pls. Resp. 4-5. According to Plaintiffs, those "admissions" insulate the Complaint from dismissal. *Id*. Like the Government, Plaintiffs confuse entering into an agreement and entering into an agreement to achieve some unlawful end. *See* Defs. Resp. 3-4. But there is no plausible allegation that Defendants entered into an agreement with each other or with the Platforms *to take unlawful action*. Put differently, like the Government's Statement, Plaintiffs say nothing about the "pivotal question . . . whether the concerted action was a result of an agreement . . . to unreasonably restrain trade." *Marucci Sports L.L.C. v. NCAA*, 751 F.3d 368, 375 (5th Cir. 2014). Plaintiffs have not plausibly alleged any such agreement.

Plaintiffs relegate *Freedom Watch, Inc. v. Google, Inc.*, 368 F. Supp. 3d 30 (D.D.C. 2019), *aff'd,* 816 F. App'x 497 (D.C. Cir. 2020), to a footnote and argue that the decision dismissing the

---

[1] Plaintiffs do not contest that it is within the Court's discretion to set aside the Government's Statement as untimely. *See* Def. Resp. 1-2; Pls. Resp. 10. Plaintiffs' position that Defendants somehow waived the argument that the Statement is untimely by not opposing the Government's unsolicited notice of intent to file makes no sense; there was no briefing schedule to do so. Defendants properly sought leave to file a response, and presented argument at that time.

1

claims "is inapposite" because "Plaintiff there alleged only parallel conduct." Pls. Resp. 6, n.3 (emphasis omitted). Plaintiffs have resorted to the same inaccurate argument before. But in *Freedom Watch*, the plaintiff made conclusory allegations that the defendants "engaged in a conspiracy or illegal agreement," and the court found the allegations insufficient to state an antitrust claim. 368 F. Supp. 3d at 37; *see* Supp. Reply 1. So too here, Plaintiffs rely on vague, generalized assertions that Defendants together aimed to stop the spread of disinformation. But Plaintiffs identify no instance in which a Platform *agreed* with Defendants to remove any specific content of theirs identified by the TNI. As in *Freedom Watch*, here, the Complaint is filled with insufficient conclusory allegations. Supp. Mot. 1-2.

Plaintiffs suggest that Defendants hide behind the Platforms. *See* Pls. Resp. 8. But it is their own allegations that emphasize the Platforms' importance to the supposed conspiracy. For example, Plaintiffs claim that the shift to digital news has led to the emergence of "powerful 'platform gatekeepers,'" Compl. ¶¶ 222-23, and that "TNI's big tech members possess . . . near-monopoly power in the search engine and social media markets," Pls. Resp. 9 (emphasis omitted). At best, the Complaint alleges only that any harm to Plaintiffs resulted from the Platforms' independent decision-making, consistent with their own content moderation policies. S*ee* Compl. ¶¶ 275, 323-24, 329. That is not sufficient to allege that the Defendants in this case each agreed to participate in the supposed conspiracy. *See* Def. Resp. 5; Supp. Reply. 2; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007).

II.     **Plaintiffs Have Not Sufficiently Pleaded Antitrust Injury or Harm to Competition.**

Plaintiffs' Response fails to address antitrust injury. As Defendants made clear in their submission, the Government Statement misreads and ignores caselaw in arriving at its conclusion that an injury to viewpoint competition must constitute antitrust injury. *See* Defs. Resp. 5-7; *Johnson v. Comm'n on Presidential Debates*, 869 F.3d 976, 982 (D.C. Cir. 2017) ("[A]n antitrust

violation must involve injury to commercial competition."); *Assoc. of Am. Phys. V. Am. Bd. of Internal Medicine*, 2025 WL 2249980, at *5 (S.D. Tex. Jul. 31, 2025) (explaining "censor[ing] speech about matters of public policy" not antitrust injury because "it does not decrease consumer choice"). In any event, Plaintiffs' failure to identify any concrete allegation that either Defendants or the TNI ever took action against them or caused them harm is dispositive on that score. *See* Defs. Resp. 5-7; Supp. Mot. 7-8[2].

Plaintiffs claim to have alleged harm to competition in the form of "reduced output" and add that the Government views the suppression of viewpoints as harm to competition. Pls. Resp. 8-9. But the Complaint's allegations of "reduced output" all center on supposed harm *to Plaintiffs*. *See* Compl. ¶ 552. That is not enough to plead "an actual adverse effect on competition as a whole in the relevant market." *ASA Accugrade, Inc. v. Am. Numismatic Ass'n*, 370 F. Supp. 2d 213, 215 (D.D.C. 2005). "Absent injury to competition, injury to plaintiff as a competitor will not satisfy the pleading requirement." *Gross v. Wright*, 185 F. Supp. 3d 39, 49 (D.D.C. 2016) (internal quotations and alterations omitted).

Further, Plaintiffs continue to ignore that their Complaint alleges "an explosion of new entrants into the news market," Compl. ¶ 163, that the shift to digital news "has been a tremendous boon to competition," *id*. ¶ 172, and that "newspapers are in stiff competition with online media," *id*. ¶ 221 (internal quotations omitted). In other words, in the Complaint's telling, competition in the online news market is thriving. The Complaint's allegations undermining a lack of competition in the news market underscore that Plaintiffs have not sufficiently alleged harm to competition.

---

[2] Plaintiffs rehash their prior argument that they need not plead causation as to each Defendant, relying on *In re Vitamins Antitrust Litig.* But Plaintiffs again ignore that the case is inapplicable since it predated *Twombly* by many years. *See* Supp. Reply at 5 & n.7. And the "joint and several" language Plaintiffs quote from *Oxbow* is related to *standing*, not pleading under *Twombly*. *Id.*

**III.     Plaintiffs Have Not Stated a *Per Se* or Rule-of-Reason Claim.**

Like the Government, Plaintiffs largely ignore the Complaint's failures under the *per se* standard; Plaintiffs' claim fails under that standard. Supp Mot. 9-14. Because the Complaint fails "to define a relevant market, show that the defendants have market power in that market," and does not demonstrate any likely "anticompetitive effects," *In re McCormick & Co.*, 217 F. Supp. 3d 124, 137 (D.D.C. 2016), the Complaint fails to plausibly allege a rule of reason violation too.

Plaintiffs first argue that the Complaint pleads concerted activity. Pls. Resp. 9. But the Complaint's threadbare allegations of occasional information sharing and of Defendants' membership in the TNI are not sufficient. *See, e.g.*, *Kreuzer v. Am. Acad. Of Periodontology*, 735 F.2d 1479, 1487 (D.C. Cir. 1984) ("[I]t is not enough to prove that the alleged co-conspirators merely exchanged information."); *City of Moundridge v. Exxon Mobil Corp.*, 2009 WL 5385975, at *3, *9 (D.D.C. Sept. 30, 2009) ("[M]ere contacts and communications, or the mere opportunity to conspire among antitrust defendants [was] insufficient evidence of conspiracy.").

Next, Plaintiffs claim to have "carefully define[d] the relevant markets." Pls. Resp. 9. Not so. The Complaint alleges a virtually limitless market that includes all content posted on a variety of Internet platforms. *See* Supp. Mot. 10-11. Plaintiffs also claim to have sufficiently pleaded market power, relying on allegations about the Platforms' power in their respective markets. Pls. Resp. 9. That is irrelevant to *Defendants'* market power in the markets relevant here, which, Plaintiffs fail to adequately plead. That alone is grounds for dismissal. *See* Supp. Mot. 11; *Gross*, 185 F. Supp. 3d at 53 (dismissing case where there were "no allegations regarding . . . Defendants' respective market shares"). Notably, the Government did not attempt to defend the Complaint's lackluster allegations with respect to either the relevant market or Defendants' market power.

Finally, as explained above, the Complaint does not plausibly allege any anticompetitive effects, instead zeroing in on supposed harm to Plaintiffs. "[T]he case law is clear . . . an absence

4

of factual allegations tending to show that the market as a whole has suffered an anti-competitive injury is fatal to Sherman Act claims." *Gross*, 185 F. Supp. 3d at 53.

## IV. *Associated Press* is Not Dispositive Here.

Like the Government, Plaintiffs ignore nearly all of Defendants' prior arguments regarding the limited salience of *Associated Press v. United States*, 326 U.S. 1 (1945). Plaintiffs wrongly imply that *Associated Press* fashioned a bespoke antitrust rule applicable to newspapers. Pls. Resp. 2. To the contrary, the Supreme Court in *Associated Press* held that the First Amendment did not prevent the extension of Sherman Act caselaw from other industries to apply to newspapers. *Id*. at 20. The Court's holding in that respect is of little value here, where Defendants have not asserted a First Amendment defense in their pending Motion.

With respect to Plaintiffs' claim that Defendants engaged in the same conduct as the *Associated Press* defendants, their argument is short on specifics and irreconcilable with their own Complaint. Again, Plaintiffs allege a news market that contains vibrant competition. *See* Compl. ¶¶ 163, 172, 221. That was not the case in *Associated Press*, where the agreement at issue "granted each member powers to block its non-member competitors from membership," and imposed "severe disciplinary action" for non-compliance. 326 U.S. at 4, 8, 13-14. Here, by contrast, the TNI policies made explicit that participants shared information voluntarily and made their own independent choices about what to do with it. Supp. Reply 3-5. And Plaintiffs continue to have no answer to the authority that distinguished *Associated Press* on similar grounds. *N. Am. Soccer League, LLC v. U. S. Soccer Fed'n, Inc.*, 296 F. Supp. 3d 442, 461 n.28.

## V. Conclusion.

The Government's Statement takes no position on whether the Court should grant Defendants' Motion to Dismiss. For the reasons set forth in Defendants' prior briefing and in this Response, the Court should grant the Motion and dismiss the case with prejudice.

Dated: September 10, 2025

/s/ Marcel S. Pratt
Marcel S. Pratt (*pro hac vice*)
Elizabeth P. Weissert (*pro hac vice*)
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Tel: (215) 665-8500; Fax: (215) 864-8999
johnl@ballardspahr.com
weisserte@ballardspahr.com

Jay Ward Brown (#1020910)
Ballard Spahr LLP
1909 K Street N.W., 12th Floor
Washington, DC 20006
Tel: (202) 661-2200; Fax: (202) 661-2299
brownjay@ballardspahr.com

*Attorneys for The Associated Press*

/s/ Jeffrey C. Bank
Jeffrey C. Bank (#1697743)
Wilson Sonsini Goodrich & Rosati
1700 K Street, N.W., 5th Floor
Washington, DC 20006
Tel: (202) 973-8800; Fax: (202) 973-8899
jbank@wsgr.com

*Attorneys for Reuters News & Media Inc.*

Respectfully submitted,

/s/ John E. Schmidtlein
John E. Schmidtlein (#441261)
Thomas G. Hentoff (#438394)
Nicholas G. Gamse (#1018297)
Kimberly Broecker (#1697793)
Williams & Connolly LLP
680 Maine Avenue, S.W.
Washington, DC 20024
Tel: (202) 434-5000; Fax: (202) 434-5029
jschmidtlein@wc.com
thentoff@wc.com
ngamse@wc.com
kbroecker@wc.com

*Attorneys for WP Company LLC*
*d/b/a The Washington Post*

/s/ Edward B. Schwartz
Edward B. Schwartz (#429690)
Reed Smith LLP
1301 K Street, N.W.
Suite 1000, East Tower
Washington, DC 20005
Tel: (202) 414-9200
eschwartz@reedsmith.com

Michelle A. Mantine (*pro hac vice*)
Reed Smith LLP
Reed Smith Centre, 225 Fifth Avenue
Pittsburgh, PA 15222
Tel: (412) 288-3131
mmantine@reedsmith.com

*Attorneys for The British*
*Broadcasting Corporation*

## **CERTIFICATE OF SERVICE**

  The undersigned Counsel hereby certifies that on the 10th day of September 2025, notice of the foregoing pleading was provided via the CM/ECF system to the counsel of record.

              */s/ John E. Schmidtlein*
              John E. Schmidtlein